UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE MARIE RODRIGUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>  Defendant. | No.  1:21-cv-00463-ADA-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 22, 24, 26) |

Plaintiff Alice Rodriguez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act.

On February 24, 2023, the assigned Magistrate Judge issued findings and recommendations recommending denying Plaintiff's appeal from the Commissioner's administrative decision to deny benefits and directing the Clerk of this Court to enter judgment in favor of Defendant Commissioner and against Plaintiff.  (ECF No. 26.)  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

(*Id.* at 17.)  Plaintiff filed objections on May 8, 2023.  (ECF No. 27.)  The Commissioner filed a reply to Plaintiff's objections on May 22, 2023.  (ECF No. 28.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this Court has conducted a *de novo* review of the case, including Plaintiff's objections.  Having carefully reviewed the entire file, the Court finds that the findings and recommendations are supported by the record and proper analysis.

The Court has considered Plaintiff's objections but finds no basis to reject the Magistrate Judge's findings and recommendations.  Plaintiff's objections challenge the Magistrate Judge's determination that (1) the ALJ did not err in the evaluation of Plaintiff's symptoms and (2) Plaintiff's use of a cane was not medically required.  (ECF No. 27.)

First, Plaintiff argues that inconsistency with the objective medical evidence is not a valid basis to affirm the ALJ's decision.  (ECF No. 27 at 2.)  Although the Magistrate Judge partially based its decision on objective medical evidence, the Magistrate Judge also considered whether Plaintiff received routine and conservative treatment for her physical condition, Plaintiff's reported improvement with treatment, and her daily living activities, which were "not limited to the extent that would be expected given her complaints of disabling symptoms and limitations." (ECF No. 26 at 16.)  Therefore, Plaintiff's objection is unpersuasive.

Second, Plaintiff argues that the Magistrate Judge erroneously found that Plaintiff's treatment was conservative.  (ECF No. 27 at 3-4.)  Plaintiff contends that she had received a higher level of treatment in comparison to the plaintiffs in the cases cited by the Magistrate Judge; exhausted all her treatment options; and received only temporary relief.  (*Id.* at 3.)  Nonetheless, an ALJ is permitted to consider evidence of conservative treatment in evaluating a claimant's subjective complaints.  *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).  This Court has reviewed the record, including Plaintiff's citations, (ECF No. 27 at 3-4), and still finds that Plaintiff's routine and conservative treatments support this Court's conclusion to deny Plaintiff's appeal.

Third, Plaintiff argues that the ALJ cannot conclude that daily activities are inconsistent if the claimant is doing more than "merely resting in bed all day." (ECF No. 27 at 4.)  However, the

ALJ did not find that Plaintiff's daily activities are inconsistent with her testimony about pain because she did more than merely resting in bed all day.  Rather, the ALJ found that Plaintiff can perform full-time work activities due to her residual functional capacity to perform light work. "She could lift and/or carry up to twenty pounds occasionally and ten pounds frequently, stand and/or walk about six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday with normal breaks." (ECF No. 26 at 6.)  Again, Plaintiff faults the ALJ for failing to inquire about the type of assistance that she provided her elderly parents, but this may be grounds for discrediting Plaintiff's testimony to the extent that she contradicts her claims of a totally debilitating impairment.  (*Id.* at 16-17.)  Therefore, the Court finds that Plaintiff's argument is unpersuasive.

Lastly, Plaintiff objects that the Magistrate Judge's finding that Plaintiff's use of a cane was not medically necessary.  (ECF No. 26 at 5-7.)  Although Plaintiff's physician assistant prescribed the cane as a "lifetime" need, the ALJ also considered Plaintiff's testimony that she did not consistently use the cane and multiple examinations revealed normal gait without the use of any assistive device.  (*See* ECF No. 13 (Administrative Record ("AR")) at 30 ("[A] physical examination performed earlier that month (August 2018) showed normal gait with intact range of motion in all extremities and no evidence of significant bone or joint abnormalities.").) Furthermore, the ALJ considered the findings of Dr. Tomas Rios, consultative examiner, who determined that Plaintiff had normal gait during her examination and did not require an assistive device.  (*Id.* at 451 ("Assistive Device: None.").)  In addition to all other factors considered by the ALJ, the Court finds that Plaintiff's appeal from the Commissioner's administrative decision is denied.

Accordingly,

1. The findings and recommendations issued on April 24, 2023, (ECF No. 26), are adopted in full;

2. Plaintiff's appeal from the Commissioner's administrative decision is denied and the Commissioner's determination to deny benefits is affirmed; and

///

3. The Clerk of this Court is directed to enter judgment in favor of Defendant Commissioner and against Plaintiff.

IT IS SO ORDERED.

Dated:   September 7, 2023

_____
UNITED STATES DISTRICT JUDGE